# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3153

_____

Maria Cecilia Rios-Vivar,                 *
                                           *
                  Petitioner,              *
                                           *
                                           *   Appeal from the Board of
         v.                                *   Immigration Appeals.
                                           *
Eric H. Holder, Jr., Attorney General[1], *   [UNPUBLISHED]
                                           *
         Defendant - Appellant.            *

_____

Submitted: May 11, 2009
Filed:  May 18, 2009

_____

Before LOKEN, Chief Judge, BYE, Circuit Judge, and MILLER, District Judge.[2]

_____

PER CURIAM.

Maria Rios-Vivar, a Mexican citizen, petitions for review of a Board of Immigration Appeals (BIA) order, which affirmed an Immigration Judge's (IJ's) denial of her application for asylum and withholding of removal. We deny the petition.

_____

[1]Pursuant to FRAP 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for Michael B. Mukasey as Defendant-Appellant.

[2]The Honorable Brian Stacy Miller, United States District Judge for the Eastern District of Arkansas, sitting by designation.

The IJ denied the asylum application as untimely because it was filed fifteen years after Rios Vivar's 1992 illegal entry into the United States, well beyond the one year statute of limitations. See 8 U.S.C. § 1158(a)(2)(B). Although the one-year period may be excused if the asylum applicant can demonstrate "changed circumstances" or "extraordinary circumstances," 8 U.S.C. § 1158(a)(2)(D), we lack jurisdiction to review the factual determination that Vivar-Rios failed to demonstrate such circumstances. Malonga v. Mukasey, 546 F.3d 546, 551 (8th Cir. 2008) ("This circuit has routinely held that whether an untimely application should be excused involves the discretionary judgment of the Attorney General and, as such, is unreviewable."); Tolego v. Gonzales, 452 F.3d 763, 766 (8th Cir. 2006) ("[T]his court lacks jurisdiction to review either the IJ's determination that the asylum application was not timely filed or the Attorney General's decision rejecting the applicant's complaint of changed circumstances."). Even though the statute of limitations "shall not 'be construed as precluding review of constitutional claims or questions of law,'" Purwantono v. Gonzales, 498 F.3d 822, 824 (8th Cir. 2007) (quoting 8 U.S.C. § 1252(a)(2)(D)), Rios-Vivar has not raised a constitutional claim or question of law. We thus lack jurisdiction over Rios-Vivar's asylum claim. See Barolo-Diego v. Gonzales, 490 F.3d 1024, 1026 (8th Cir. 2007) ("In the absence of alleged constitutional violations or errors of law, we lack jurisdiction to review the determination that [the asylum] application was untimely and that no extraordinary circumstances had been presented that might excuse its untimeliness.").

Having carefully reviewed the record, see Falaja v. Gonzales, 418 F.3d 889, 894 (8th Cir. 2005) (standard of review), we also deny Rios-Vivar's petition as to her withholding of removal claim. Although she did not testify that she had ever been subjected to any form of past persecution, she testified she feared being killed only because her cousin was randomly kidnaped and killed in Mexico. The IJ's finding that there was no past persecution based on a protected ground is supported by substantial evidence, and no reasonable factfinder would be bound to find it was more likely than not that Rios-Vivar would be persecuted upon removal based upon a protected

ground.  See Bartolo-Diego v. Gonzales, 490 F.3d 1024, 1028 (8th Cir. 2007) (holding random criminality does not establish an applicant would be more likely than not to suffer future persecution).

For these reasons, we deny the petition.

_____